IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN JAMES KANE,<br>    Petitioner,<br><br>    v.<br><br>STEVEN MOORE, et al.,<br>    Respondent. | CASE NO.   2:08-cv-1268 BJR<br><br>ORDER DENYING REQUEST FOR APPOINTMENT OF LEGAL COUNSEL AND PETITION FOR A WRIT OF HABEAS CORPUS |

## I.    INTRODUCTION

Petitioner is a California state prisoner who has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.)[1] He challenges the state courts' upholding of the California Board of Parole Hearings' (the "Board") November 9, 2007 decision denying him parole. The court, having reviewed the record and briefing of the parties, finds as follows:

## II.    BACKGROUND

Petitioner is in the custody of the California Department of Corrections and Rehabilitation following his convictions for first degree murder, forgery and attempted forgery. (Dkt. No. 1 at 2.) He is currently serving a life sentence with the possibility of parole. *Id.* On

---

[1] Petitioner filed an Amended Petition on December 17, 2008. (Dkt. No. 11.)

1

November 9, 2007, the Board denied Petitioner parole. On November 19, 2007, Petitioner filed a petition for writ of habeas corpus in Fresno County Superior Court, alleging that the District Attorney's Office violated the terms of his plea bargain agreement by opposing his request for parole at the November 9, 2007 parole hearing.[2] The superior court denied the petition on December 21, 2007, holding that Petitioner had failed to present any evidence to demonstrate the existence of an agreement that the District Attorney's Office would not oppose Petitioner's request for parole. (Dkt. No. 1 at 6(a)5.). Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal and a petition for review in the California Supreme Court. Both petitions were denied without comment. (*Id*. at 6(a)7-8.)

On December 14, 2007, Petitioner filed a second petition for writ of habeas corpus in Fresno County Superior Court, again challenging the Board's 2007 decision. This time he claimed that the Board's decision violated his due process rights because the decision was not supported by "some evidence." The superior court denied the petition on January 4, 2008, finding that under California's some-evidence standard, there "is at least some evidence to support the Board's decision." (Dkt. No. 31, Ex. 2, Super. Ct. Order.)

Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal and a petition for review in the California Supreme Court, raising substantially similar claims. (*Id*. at Exs. 3 and 5.) Both petitions were denied without comment. (*Id*. at Exs. 4 and 6.)  He filed the present petition in the United States District Court for the Eastern District of California on June 4, 2008. (Dkt. No. 1.) It was transferred to this court on June 18, 2010. (Dkt. No. 19.) This court requested supplemental briefing on August 30, 2010. (Dkt. No. 26.) On October 4, 2010,

---

[2] Petitioner was first eligible for parole in 1999. The District Attorney's Office did not oppose his request for parole at his 1999 and 2002 hearings, but did object at the 2005 and 2007 hearings. (Dkt. No. 1 at 6(a)(3).)

Petitioner moved this court to appoint him legal counsel.[3] (Dkt. No. 32.) The matter is now ripe for review.

### III.   FACTS

Petitioner is serving a life sentence following his conviction for his involvement in the poisoning of Stanley John Kearns which resulted in Mr. Kearns' death on July 13, 1983. Petitioner's half sister (Mr. Kearns' daughter) and Petitioner's wife were also convicted for their participation in the murder. Petitioner was also convicted of cashing and attempting to cash checks forged against Mr. Kearns' bank account. Petitioner claims that he agreed to accept a plea bargain agreement of an indeterminate sentence of 27 years to life in lieu of going to trial in order to spare his wife and sister prison time. He claims that at the time he agreed to the plea bargain, California state law allowed "a day for a day credit" for good time and all of the parties involved in the plea deal understood that he would be eligible for parole in 13 years.

### IV.   GROUNDS FOR RELIEF

Petitioner raises the following grounds for relief:

1.     The Parole Board's 2007 decision denying him parole violated his due process rights because the decision was not supported by "some evidence";

---

[3] Petitioner argues that he is a foreign national who does not understand the complex nature of "legal language." (Dkt. No. 32 at 2.) He claims that the individual who wrote his habeas petition in June 2008 is no longer in prison, and thus unable to continue to assist him. *Id*. He concludes that "[i]f a lawyer is not appointed, then [he] will be forced to write a Traverse without any idea of how to do so." *Id*. at 3. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). This court finds that the circumstances of this case do not warrant the appointment of counsel. While Petitioner is a foreign national, he has lived in the United States since he was six years old and he speaks English fluently. In addition, Petitioner filed a Traverse on October 19, 2010 (Dkt. No. 33), and it demonstrates that he is able to understand the legal standards applicable to his petition.

2.     The District Attorney's Office violated his plea bargain agreement by opposing his release to parole.

V.     DISCUSSION

*A.     Standard of Review*

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this petition because it was filed after the enactment of AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Because Petitioner is in custody of the California Department of Corrections pursuant to a state court judgment, 28 U.S.C. § 2254 provides the exclusive vehicle for his habeas petition. *See White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004) Under AEDPA, a habeas petition may not be granted with respect to any claim adjudicated on the merits in state court unless petitioner demonstrates that the highest state court decision rejecting his petition was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented. . . ." 28 U.S.C. § 2254(d)(1) and (2).

As a threshold matter, this court must ascertain whether relevant federal law was "clearly established" at the time of the state court's decision. To make this determination, the court may only consider the holdings, as opposed to *dicta*, of the United States Supreme Court. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000). In this context, Ninth Circuit precedent remains persuasive but not binding authority. *See id*. at 412-13; *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

The court must then determine whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Lockyer v.*


Case 2:08-cv-01268-BJR   Document 34   Filed 11/02/10   Page 5 of 10

*Andrade*, 538 U.S. 63, 71 (2003). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. At all times, a federal habeas court must keep in mind that it "may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be [objectively] unreasonable." *Id.* at 411. It is the petitioner's burden to establish that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254; *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996).

AEDPA also requires federal courts to give considerable deference to state court decisions, and state courts' factual findings are presumed correct. *See* 28 U.S.C. § 2254(e)(1). Federal courts are bound by a state's interpretation of its own laws. *See Murtishaw v. Woodford*, 255 F.3d 926, 964 (9th Cir. 2001) (*citing Powell v. Ducharme*, 998 F.2d 710, 713 (9th Cir. 1993)). This deference, however, is accorded only to "reasoned decisions" by the state courts. To determine whether the petitioner has met this burden, a federal habeas court looks to the last reasoned state court decision because subsequent unexplained orders upholding that judgment are presumed to rest upon the same ground. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); Medley v. Runnels, 506 F.3d 857, 862 (9th Cir. 2007).


5

B.      *Due Process Right under California's Parole Scheme*

Under the Fifth and Fourteenth Amendments to the U.S. Constitution, the federal and state governments are prohibited from depriving an inmate of life, liberty or property without the due process of law. U.S. Const. amends. V, XIV. A prisoner's due process claim must be analyzed in two steps: the first asks whether the state has interfered with a constitutionally protected liberty or property interest of the prisoner, and the second asks whether the procedures accompanying that interference were constitutionally sufficient. *Ky. Dep't of Corrections. v. Thompson*, 490 U.S. 454, 460 (1989).

Accordingly, this court's first inquiry is whether Petitioner has a constitutionally protected liberty interest in parole. The U.S. Supreme Court articulated the governing rule in this area in *Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1 (1979), and *Board of Pardons v. Allen*, 482 U.S. 369 (1987). *See McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002) (applying "the 'clearly established' framework of *Greenholtz* and *Allen*" to California's parole scheme). The Court in *Greenholtz* determined that although there is no constitutional right to be conditionally released on parole, if a state's statutory scheme employs mandatory language that creates a presumption that parole release will be granted if certain designated findings are made, the statute gives rise to a constitutional liberty interest. *See Greenholtz*, 442 U.S. at 7, 12; *Allen*, 482 U.S. at 377-78.

The California statutes and regulations at issue in this case contain mandatory language providing that a prisoner serving an indeterminate life sentence has an expectation of parole unless, in the judgment of the parole authority, he "will pose an unreasonable risk of danger to society if released from prison." 15 CCR § 2402(a). Specifically, California Penal Code § 3041(b) provides that the Board "shall set a release date unless it determines . . . that

6

consideration of the public safety requires a more lengthy period of incarceration for this individual. . . ." Cal. Penal Code § 3041(b) (emphasis added). The California Supreme Court has interpreted this language to provide that an adverse parole decision must be supported by "some evidence" demonstrating current dangerousness. *See In re Lawrence*, 44 Cal.4th 1181, 1204 (2008); *In re Shaputis*, 44 Cal.4th 1241, 1254 (2008). Thus, the California Supreme Court has held that as a matter of state constitutional law, this mandatory language in California's parole scheme creates a liberty interest in parole. *See Lawrence*, 44 Cal.4th at 1204; *Shaputis*, 44 Cal.4th at 1254, 1258.

Next, this court must determine whether the procedures accompanying interference with Petitioner's liberty interest in parole were constitutionally sufficient. In *Hayward v. Marshall*, the Ninth Circuit recently concluded that the appropriate inquiry for a federal habeas court in determining whether a prisoner's due process rights were violated is whether "some evidence" of current dangerousness supported the Board or Governor's denial of parole. *Hayward v. Marshall*, 603 F.3d 546, 563 (Ninth Cir. 2010).

Respondent argues that *Hayward v. Marshall* is not binding on this court in the context of the AEDPA because federal habeas relief is only available for misapplications of Supreme Court authority. *Renico v. Lett*, 130 S.Ct. 1855, 1866 (2010). Indeed, the Ninth Circuit recognizes that its own legal creations are not binding on a federal court's AEDPA analysis: "[c]ircuit precedent is only relevant [under AEDPA] to the extent it clarifies what constitutes clearly established law." *Id. citing Earp v. Ornoski*, 431 F.3d 1158, 1182 (9th Cir. 2005). The Government argues that the Ninth Circuit in *Hayward* did not identify any Supreme Court holding establishing that a state inmate has a federal due process right to "some evidence" supporting the Parole Board's

decision. (Dkt. No. 31 at 9.) Accordingly, the *Hayward* decision should not impact this court's analysis of the instant petition.[4]

C.  *The Parole Board's 2007 Decision is Supported by "Some Evidence"*

This court is cognizant of the unsettled nature of Ninth Circuit decisions after *Hayward*. Nevertheless, this court is able to rule on the present petition because even if the more stringent "some evidence" standard is applied to the Parole Board's 2007 decision, Petitioner is not entitled to relief. Here, the California superior court, in reviewing Petitioner's state habeas petition, applied the "some evidence" standard of judicial review the Parole Board's decision and concluded that the standard was met based on the combination of several factors cited by the Board, including the circumstances of the murder Petitioner committed, his extensive criminal record, and his disciplinary history while incarcerated. (Dkt. No. 31, Ex. 2 at 2.). The superior court concluded that these factors provided "at least" some evidence to support the Board's decision. *Id*. A unanimous panel of the state appellate court and a unanimous state supreme court agreed. (Id. at Exs. 4 and 6.)

Petitioner argues that the Board relied on immutable factors in denying him parole. (Dkt. No. 33 at 5.) Petitioner is correct that the Ninth Circuit has warned that "continued reliance in the future on an unchanging factor, [such as] the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation." *Biggs v. Terhune*, 334 F.3d 910, 917 (9th Cir. 2002) (*overruled on other grounds*). However, in the present case, the Board relied on more than Petitioner's commitment offense in reaching its decision. The Board noted that Petitioner "has programmed

---

[4] The Ninth Circuit has recognized the unsettled nature of this issue. The Circuit, *sua sponte*, requested briefing on this issue in two cases currently before it and has stayed several matters pending resolution of those cases. *See, e.g.*, *Saif'Ullah v. Sisto*, Case No. 06-178389; *Madrid v. Mendoza-Powers*, Case No. 08-16416.

in a limited manner" and "has not sufficiently participated in beneficial self-help for himself. (Dkt. No. 31, Ex 1 at 97.)[5] The Board also expressed concern that Petitioner was less than forthright with it at the hearing, lacked insight into his crime, and did not have acceptable prospective employment plans. *Id*. at 98, 100. As such, this court finds that the California judicial decisions approving the Board's 2007 decision were not an "unreasonable application" of the California "some evidence" requirement. Accordingly, there is no basis for federal habeas relief.

*D.   The Plea Bargain Agreement*

Petitioner claims that the District Attorney's Office violated his plea bargain agreement by opposing his release to parole. In denying this claim, the state courts found that Petitioner offered no objective evidence that the District Attorney promised that it would not oppose Petitioner's parole. (Dkt. No. 1 at 6(a)6.) Petitioner did not provide the state courts or this court with any transcripts or other evidence indicating that the District Attorney's Office made any such promise. Accordingly, the state courts did not contradict or unreasonably apply Supreme Court authority when rejecting Petitioner's plea bargain agreement claim.

## VI.   CONCLUSION

Based on the foregoing, the court hereby:

1.   DENIES Petitioner's Request to Appoint Legal Counsel (Dkt. No. 32), and

2.   DENIES the Amended Petition for Writ of Habeas Corpus (Dkt. No. 11.)

---

[5] The Board noted that Petitioner had only taken two self-help classes since his last hearing in 2005, despite being encouraged to participate in more such programs at the previous hearing. (Dkt. 31. Ex. 1 at 100.)

9

1 | The case is hereby DISMISSED.

2 |     DATED this 1st day of November, 2010.

                                      /s/ Barbara Jacobs Rothstein

                                      Barbara Jacobs Rothstein
                                      U.S. District Court Judge