IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MORGAN JAMES KANE, | ) | |
|     Petitioner, | ) | CASE NO.   2:08-cv-1268 BJR |
| | ) | |
| v. | ) | |
| | ) | ORDER GRANTING IN PART REQUEST |
| STEVEN MOORE, et al., | ) | FOR A CERTIFICATE OF |
| | ) | APPEALABILITY |
|     Respondent. | ) | |

Petitioner Morgan James Kane, a state prisoner, proceeds with a writ of habeas corpus concerning the denial of parole by the Board of Parole Hearings ("Parole Board"). Petitioner claimed that the Parole Board's 2007 decision denying him parole violated his due process rights because: (1) the decision was not supported by "some evidence," and (2) the District Attorney's Office violated his plea bargain agreement by opposing his release to parole. This court denied the petition on November 1, 2010. (Dkt. No. 34.) Petitioner timely requested a certificate of appealability. (Dkt. Nos. 37.)

"The standard for a certificate of appealability is lenient." *Hayward v. Marshall*, 603 F.3d 456, 553 (9th Cir. 2010). However, a certificate of appealability should be issued only where the petition presents a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). A certificate should issue where the prisoner shows that jurist of reason would find it

1

debatable whether the petition states a valid claim of the denial of a constitutional right, and whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Courts "must be careful to avoid conflating the standard for permission to appeal with the standard for obtaining a writ of habeas corpus." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000). "[O]bviously the petitioner need not show that he should prevail on the merits since he has already failed in the endeavor." *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983) (internal quotation marks and citations omitted). "Indeed, a claim can be debatable even though every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

Petitioner raises the following grounds for relief: (1) this court's "cursory review" of Petitioner's habeas petition was deficient and "in violation of Ninth Circuit precedent;" (2) the Parole Board did not comply with its own rules and parole scheme when it denied him parole; (3) reasonable jurists could disagree as to whether the Parole Board's decision was supported by some evidence; (4) reasonable jurists could disagree whether a nexus exists between the reasons the Board cited for finding that Petitioner is not suitable for parole and evidence of current dangerousness; (5) reasonable jurists could disagree with whether this court improperly disregarded Petitioner's psychological reports; and (6) reasonable jurists could disagree with whether the District Attorney's Office violated Petitioner's plea bargain agreement.

In 2007 the Parole Board found Petitioner unsuitable for parole because he presented a current risk of dangerousness to society. (Dkt. No. 31, Ex. 2 at 2.) The Board primarily based its decision on the circumstances of the commitment offense, Petitioner's extensive criminal record, and his disciplinary history while incarcerated. *Id*. However, the Board also noted that Petitioner

"had programmed in a limited manner" and "had not sufficiently participated in beneficial self-help for himself." (Dkt. No. 31, Ex 1 at 97.) The Board also expressed concern that Petitioner was less than forthright with it at the hearing, lacked insight into his crime, and did not have acceptable prospective employment plans. *Id*. at 98, 100.

Petitioner contends that a certificate of appealability should be granted because the decision to deny parole relied on immutable facts of Petitioner's offense and prior record which, according to *In re Lawrence*, 44 Cal.4th 1182 (2008) and *Hayward*, no longer constitutes "some evidence" of a current unreasonable parole risk after decades of intervening reform. In addition, he argues that the other grounds cited by the Parole Board—lack of self-help programming, insight and prospective employment plans—were merely a pre-tense to provide a permissible basis for the Board's otherwise unlawful decision.[1] He also contends that the Board, state courts and this court did not find a nexus between the reasons the Board relied on to deny parole and its finding of current dangerousness.

Although this court denied Petitioner's application for a writ of habeas corpus, the court finds that Petitioner has raised colorable, non-frivolous, constitutional arguments with respect to whether there was some evidence to support the Parole Board's finding of current dangerousness. Accordingly, IT IS HEREBY ORDERED that a certificate of appealability is issued on this claim. A certificate of appealability is DENIED as to Petitioner's claim that the District Attorney's Office violated his plea bargain, for the reasons set forth in the order denying

---

[1] Petitioner contends that the Board's finding regarding self-help programming was factually incorrect, noting that he had completed six self-help programs in the time period of 2005-2007 alone. (Dkt. 37 at 24.) In addition, he claims that his psychological reports contradict the Board's finding that Petitioner lacked insight and remorse. *Id*. at 15.

3

the habeas petition.

DATED this 20th day of December, 2010.

      /s/ Barbara Jacobs Rothstein

Barbara Jacobs Rothstein
U.S. District Court Judge